CITIZENS STATE BANK, APPELLEE, V. GEORGE W. SHAFER, APPELLANT.

FILED FEBRUARY 8, 1934. No. 28821.

*Stevens & Stevens,* for appellant.

*Butler & James* and *George C. Proud, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

DAY, J.

This is an action to recover on a promissory note against two comakers. A jury was waived and the case tried to the court. The court found for plaintiff and against both defendants, Shafer and another. Only Shafer appeals.

The note was executed by the defendants in connection with the affairs of the Arapahoe Flour Mills. The defendants were officers and stockholders in the mill corporation. It appears that they wished to gain control of the management of the corporation and to divest one who had been in control as the owner of a large number of shares of stock. They sought to do this by acquiring this stock which had been deposited as collateral for a note by payment of the note and assignment of the col-

lateral. This was accomplished by the defendants executing the note herein as payment.

The defense to the note is that it was signed as an officer of the mill and not as an individual; that there was want of consideration and that it was procured by fraud. A brief substantial statement of the evidence will be sufficient to establish the correctness of the judgment of the trial court. In this case, if there is evidence to support the judgment, the finding of the trial court will not be disturbed. This is so well established in this jurisdiction that citation of authorities would be superfluous. The defendant signed the note individually and not as officer of the corporation. After signing the note and by reason thereof, the makers secured stock of the corporation of the par value of $25,000, half of which was transferred to the appellant's name on the books of the company and thereafter voted by him at stockholders' meetings. This secured control of the corporation, which control was exercised by discharging the former owner of the stock as general manager of the corporation's business. This was consideration for the note. It was a personal deal of the individual and not one of the corporation. There is evidence that the transaction was to be handled otherwise, which is denied by other evidence. But it is disclosed that it was not so handled. A careful examination of the entire record, the assignment of errors presented, and the briefs of the parties disclose no errors, so that the judgment should stand.

AFFIRMED.